TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Samuel Anderson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Samuel Anderson,<br><br>                Plaintiff,<br><br>     vs.<br><br>DIRECTV, LLC; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** *ET. SEQ;*<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Samuel Anderson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Samuel Anderson (hereafter "Plaintiff"), is an adult individual residing at Stockton, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, DIRECTV, LLC (hereafter "DIRECTV"), is a California business entity with an address of 2230 East Imperial Highway, El Segundo, California, 90245, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by DIRECTV and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. DIRECTV at all times acted by and through one or more of the Agents.

2

# FACTS

8. Within the last four years, DIRECTV contacted Plaintiff on his cellular telephone [202-602-XXXX] in an attempt to solicit its services to Plaintiff.

9. At all time mentioned here, DIRECTV called Plaintiff using an automated telephone dialer system ("ATDS" or "Predictive Dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered calls from DIRECTV, he was met with a significant period of silence before being connected to a live person.

11. On other occasions, when Plaintiff answered calls from DIRECTV, the calls would be disconnected by DIRECTV, and Plaintiff would receive yet another call from DIRECTV within a short time period.

12. The foregoing is indicative of a Predictive Dialer, an automated telephone dialing system (ATDS) under the TCPA.

13. Plaintiff has no business relationship with DIRECTV and never requested by an agreement or otherwise that he be contacted.

14. Plaintiff never provided his cellular telephone number to DIRECTV and never provided his consent to DIRECTV to be contacted on his cellular telephone.

15. Plaintiff made repeated demands that DIRECTV cease all automated calls to his cellular telephone.

16. Despite Plaintiff's unequivocal instructions, DIRECTV continued calling Plaintiff at an excessive rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. At all times mentioned herein and within the last year, DIRECTV called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

19. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

20. DIRECTV's telephone systems have earmarks of a Predictive Dialer.

4

21. When Plaintiff answered his cellular telephone, he was met with a period of silence before DIRECTV's telephone system would connect him to the next available representative.

22. On other occasions, the call would be immediately disconnected by DIRECTV when Plaintiff answered his cellular telephone.

23. Upon information and belief, DIRECTV's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. DIRECTV contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by DIRECTV was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The calls from DIRECTV to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

28.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: July 25, 2014                    TRINETTE G. KENT

By: /s/ Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Samuel Anderson

6